GEORGE VOORHIS, APPELLANT, v. THE TOWNSHIP COM-
MITTEE OF THE TOWNSHIP OF FRANKLIN, IN THE
COUNTY OF BERGEN, RESPONDENT.

Argued June 27, 1916—Decided November 20, 1916.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"This record shows that August 5th, 1915, the township
committee of Franklin township, in Bergen county, were re-
quested to lay out and open a public road which was to run
through the land of the prosecutor, and through the land of
Forster W. Freeman and J. Miller Nichol, the total length of
the road to be about two thousand two hundred and nineteen
feet.

"The petition was presented to the committee under chapter
166, *Pamph. L.* 1914, *p.* 310. On the same day the commit-
tee introduced an ordinance for the opening of the road and
passed a resolution to meet on September 2d, at two P. M., to
receive and consider objections to the improvement, and di-
rected that the clerk give public notice of the fact. A notice
was given by the clerk to that effect August 5th, 1915. Sep-
tember 1st, 1915, the prosecutor filed with the committee his
objection to the passage of the ordinance.

"The attorneys for the prosecutor and objector, on the day
fixed for the hearing, asked for a postponement which was re-
fused. The objection now made is that the ordinance called for
a road of thirty feet in width, whereas the law required at
least thirty-three.

"The second objection is that no affidavit or proof exists
that the notice of a hearing was properly posted.

"As to the reason last urged we have concluded that the act
does not require such notice. See section 3, page 311, *Pamph.
L.* 1914. It is only after the petition is received and the ordi-
nance introduced that notice is required to be given of the
proposed improvement.

"We do not consider the legislation cited by the prosecutor applicable to this situation, since the proceedings here are taken under a statute which provides a method of procedure in townships. *Pamph. L.* 1914, *p.* 310.

"The notice required to be given by the statute, after the ordinance has been introduced, affords the required protection to property owners, affected by the proposed improvement. It also appears from the record that notice was posted in five public places as required by the statute.

"It is further urged that the township council passed the ordinance at the meeting held September 2d, 1915, whereas no notice had been given by the township council as to the intention to introduce the ordinance. We find nothing in the statute referred to which requires such notice.

"It is urged that the ordinance was not acted upon at more than one meeting of the township council. We find proof in the case which shows that the ordinance was acted upon at more than one meeting.

"The fourth reason is based upon the refusal of the committee to give the prosecutor a hearing when the ordinance was introduced. The statute does not provide for any hearing at that time. Section 2 of the act provides that the hearing shall be had after the ordinance has been introduced and notice is then required to be given of a time and place of hearing. The ordinance was introduced August 5th, 1915, and the hearing fixed for September 2d, 1915, and there is nothing in the act which would indicate that the legislature contemplated an adjournment.

"The fifth and sixth reasons are that the ordinance does not lay out or open a public road of legal width. We conclude the act of 1914 supersedes the provisions of the General Road act upon the subject, and vests the necessary power for that purpose in the township committee. *Saulsbury* v. *Gaskin*, 66 *N. J. L.* 111.

"The seventh reason assigned that the ordinance appropriated private property illegally to public use is without merit, unless it is intended to present the point that it was

illegally passed, without giving the prosecutor a hearing, which, as we have observed, is not the fact in this case.

"The eighth reason assigned we deem to be without substance. The act makes the township committee the judges as to whether a public necessity for the road exists, where one-half of the property owners affected by the road object. In this case there were objections filed, which we must assume the committee considered, and by the passage of the ordinance the implication is that the township committee deemed the road to be a public necessity.

"The proceedings of the township committee are therefore affirmed."

For the appellant, *Charles B. Dunn.*

For the respondent, *George S. Hilton.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 11.

*For reversal*—None.